**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PAUL KEVIN MORGAN<br><br>Plaintiff,<br><br>vs.<br><br>FIRE PROTECTION SERVICE CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00054-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Defendant's Motion to Dismiss [ECF No. 31]. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

*Procedural History*

The present case commenced on May 15, 2025, in Louisiana state court. Plaintiff sued seeking a declaratory judgment that the Asset Purchase Agreement ("APA") entered between the parties is governed by Louisiana law and that the non-compete provision of the APA is null and void. The lawsuit was later removed to the United States District Court for the Western District of Louisiana, Monroe Division. The Louisiana federal court enforced the APA's exclusive Utah forum selection clause and transferred the case to this court. On February 4, 2026, this court denied without prejudice Defendant's Motion to Dismiss that was pending before this case was transferred and granted Plaintiff leave to file an amended complaint.

*Factual History*

In September of 2024, the parties entered into the APA for the sale of assets of a fire

protection business in which Plaintiff was part owner and seller and Defendant was buyer. Both parties participated in the negotiations and drafting of the APA and both parties were represented by counsel. Plaintiff received several million dollars for completion of the transaction. Section 7.1 of the APA contains a non-compete clause barring any seller party of the APA from competing with Defendant for five years post closing in Louisiana and Mississippi. Section 7.6 states:

> 7.6 **Acknowledgement**. Each Seller Party acknowledges that Buyer currently conducts business in the Restricted Area. Each Seller Party acknowledges and agrees that the covenants set forth in Section 7 as mandatory conditions precedent to the Closing of the transactions contemplated by this Agreement, and that, in the absence of the covenant not to compete and covenants of non-solicitation, Buyer would not have consented to the Closing. Each Seller Party acknowledges that such Seller Party is receiving a substantial benefit as a result of the consummation of the transactions contemplated by their agreement and the other Transaction Documents and that the entry by Seller Parties into the covenant not to compete and covenant of non-solicitation is a material and substantial part of the transactions contemplated by the Transaction Documents.

The APA also contains a choice of law and exclusive Utah forum provision. Section 8.10 provides that the APA "shall be governed by and construed in accordance with the Laws of the State of Utah, without regard to the Conflicts of Law provisions thereof." Section 8.10 further states that the parties "irrevocably submit to the exclusive jurisdiction of any federal or state court located within the county of Salt Lake, state of Utah, over any dispute arising out of or relating to [the APA] or any of the transactions contemplated hereby." Plaintiff filed an amended complaint on March 6, 2026, seeking a declaratory judgment that Section 8.10 is void and unenforceable under Louisiana law.

## STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). "When there are well-pleaded factual allegations [as opposed to legal conclusions], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Allegations must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The court is "not bound by conclusory allegations, unwarranted inferences or legal conclusions." *Hackford v. Babbit,* 14 F.3d 1457, 1465 (10th Cir. 1994).

## DISCUSSION

"For purposes of conflict of laws, federal courts look to the law of the state in the district in which they sit, in order to determine which law to apply." *Howard v. Howard*, 2004 WL 724372, at * 2 (D. Utah Mar. 12, 2004). In Utah "the Restatement Second of Conflict of Laws should be used to resolve [] conflict of laws questions." *Id*. Section 187 of the Restatement provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either:

(a) the chosen state has no substantial relationship to the parties or transaction and there is no other reasonable basis for the parties' choice; or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice by the parties.

Restatement (Second) Conflicts of Laws § 187(1) (1971).

Defendant first argues that the analysis begins and ends under § 187(1) because the APA expressly establishes the scope and five-year duration of the noncompetition provision. The court disagrees.

Section 187(1) generally applies to matters the parties were legally free to determine by express agreement, including contractual construction, conditions, and performance. See Restatement (Second) Conflicts of Laws § 187 cmt c. Here however, the disputed issue is not merely what duration the parties selected. It is whether the parties could validly impose a five-year restriction despite Louisiana law limiting a sale of a business noncompete to two years. That issue concerns the parties' legal power to make the agreement and the validity of the resulting provision. It therefore falls within § 187(2).

Defendant relies on *Brigham Young University v. Pfizer, Inc.,* 2012 WL 918744 (D. Utah Mar. 16, 2012), but that decision does not establish that §187(1) governs. *Pfizer* addressed whether a valid, broadly worded choice of law provision extended to related tort claims. *Id.* at *1. It did not consider whether the parties could use the chosen law to validate a contractual provision prohibited by the otherwise applicable law. Indeed, *Pfizer* states only that an effective contractual choice controls. *Id.* at *2. Whether the choice is effective when used to determine the validity of a five-year noncompetition covenant remains governed by § 187(2).

Defendant's broader reading would make § 187(2) largely meaningless. Whenever a

contract expressly selected both the governing law and the disputed contractual term, the choice of law clause would establish its own validity. But § 187(2) exists precisely to determine whether the chosen law may govern an issue the parties could not resolve merely by agreement.

Under § 187(2), the parties' choice of Utah law remains controlling unless either: (1) Utah has no substantial relationship to the parties or transaction and there is no reasonable basis for choosing Utah law; or (2) applying Utah law would violate a fundamental policy of a state that has a materially greater interest in the particular issue and whose law would otherwise govern under § 188. The first exception does not apply. The buyer is a Utah corporation with its principal place of business in Utah. The APA contemplated transactions involving Utah entities and assets. Utah therefore has a substantial relationship with the parties and transaction and provides a reasonable basis for the parties' choice.

Plaintiff alleges that Louisiana has the most significant relationship because the APA was executed and principally negotiated there, the acquired business and assets were located there, performance centered there and most parties reside there. Accepting these allegations as true, Plaintiff plausibly alleges that Louisiana law might otherwise govern under § 188. However, the court need not decide whether Louisiana's interests are materially greater than Utah's because Plaintiff has not plausibly alleged that applying Utah law would violate a fundamental Louisiana policy.

Louisiana law generally disfavors restraints on trade and limits sales of business noncompetition covenants to two years. See La.R.S. 23:921(B). But the existence of a contrary statute does not necessarily establish a fundamental policy for purposes of § 187(2)(b). The relevant authority specifically distinguishes ordinary employment restrictions from covenants negotiated in connection with the sale of a business.

In *MedX Inc. of Florida v. Ranger*, the court enforced a foreign choice of law provision governing the sale of a business covenant notwithstanding Louisiana's two-year limitation. 780 F. Supp. 398, 400 (E.D. La. 1991). Because Louisiana permits noncompetition covenants in connection with the sale of a business, the court concluded that enforcing a longer restriction under that parties' chosen law was not contrary to Louisiana public policy. *Id*. Similarly, *In re Plaisance* enforced a foreign choice of law provision governing a five-year covenant negotiated as part of an arm's length business sale. 619 B.R. 148, 159 (Bankr. W.D. La. 2020). Other courts applying Louisiana law have reached the same conclusion. See, e.g., *In re Gulf Fleet Holdings, Inc*., 2011 WL 1313901, at *6-7 (Bankr. W.D. La. Mar. 31, 2011).

Plaintiff's allegations do not warrant a different result. Although Plaintiff alleges unequal bargaining power and no separate consideration for the non-compete provision, the APA states that the parties jointly participated in its negotiation and drafting, were represented by counsel, and agreed that the covenant was a material condition of the transaction. The covenant arose from a negotiated sale of a business, not an ordinary employment relationship. Louisiana's heightened concerns about employees' unequal bargaining power and ability to earn a livelihood therefore carry less force here.

Nor is the issue necessarily premature. Although choice of law determinations may sometimes require discovery, the relevant contacts are alleged in the Amended Complaint. Accepting Plaintiff's allegations concerning Louisiana's contacts does not cure the dispositive legal deficiency that Louisiana authority does not treat enforcement of a foreign choice of law provision permitting a longer term of business restriction as contrary to a fundamental Louisiana policy. Plaintiff therefore cannot satisfy § 187(2)(b). The APA's Utah choice of law provision governs, and the Amended Complaint fails to state a plausible claim that Louisiana law

invalidates the noncompetition provision.

**CONCLUSION**

Based on the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 31] is GRANTED.

DATED this 8th day of October 2026

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL,
United Sates District Judge